UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

July 30, 2019

LETTER TO ALL COUNSEL OF RECORD

Re:  *Rhonda H. v. Social Security Administration*[1]
     Civil No. 18-cv-3013-JMC

Dear Counsel:

On October 2, 2018, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, (ECF Nos. 12, 13), and find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the underlying judgement pursuant to sentence four of 42 U.S.C. 405(g). This letter explains my rationale.

Plaintiff filed a claim for benefits on May 13, 2013, alleging disability beginning on September 1, 2010. (Tr. 17). Her claims were denied initially and on reconsideration following appeal. (Tr. 200-04, 211-14). Administrative Law Judge ("ALJ") William H. Hauser held a hearing on April 7, 2015. (Tr. 37-77). On August 17, 2015, the ALJ determined that Plaintiff was not disabled. (Tr. 102-17). The Appeals Council remanded, and a second hearing was held on October 25, 2017 before ALJ Donald K. Neely. (Tr. 78-123, 196-98). A second unfavorable decision was issued on January 31, 2018. (Tr. 14-29). The Appeals Council denied her second request for review, making the January 31, 2018 decision the final reviewable decision of the Agency. (Tr. 1–5).

In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,'

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since September 1, 2010. (Tr. 19). At step two, the ALJ determined that Plaintiff's "obesity; shingles in remission with ongoing symptoms of neuralgia; vestibular schwannoma labyrinthitis; hearing loss; tinnitus; depression; post-traumatic stress disorder (PTSD); anxiety disorder; and attention-deficit hyperactivity disorder (ADHD)" constitute severe impairments under the relevant regulations. (Tr. 19-20). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-22). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff has the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can never climb ladders, ropes or scaffolds and only occasionally climb ramps or stairs, balance, stop, kneel, crouch and crawl. The claimant is limited to performing simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes. She can perform work involving only occasional interaction with the public, coworkers and supervisors. She can perform work in a moderate noise setting, meaning free of loud noises and consistent with a typical office environment.

(Tr. 22-27). Finally, at step four, the ALJ determined that Plaintiff is unable to perform any past relevant work, but considering her age, education, experience, RFC, and the testimony of a vocational expert ("VE"), "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (Tr. 28-29).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff raises numerous arguments on appeal. The Court has divided her arguments into the following: (1) that the ALJ erred in evaluating Listings 12.04, 12.06, "and/or 12.11", (ECF No. 12-1 at 9-11); (2) that the ALJ erred in discounting Plaintiff's subjective assertions and other symptoms, (*Id.* at 12-17); (3) that the ALJ's RFC assessment runs afoul of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), (*Id.* at 18); (4) that the ALJ erred in evaluating the medical opinions and other evidence, (*Id.* at 13-14, 19-20); and (5) that the ALJ presented an improper hypothetical to the VE and relied upon testimony inconsistent with the Dictionary of Occupational Titles, (*Id.* at 20-24). For the reasons discussed below, each argument is meritless.

<u>The Listings</u>

First, Plaintiff asserts that the ALJ should have found that she met the criteria of Listings 12.04, 12.06 and/or 12.11. (*Id.* at 10). Listings 12.00 *et seq.* pertain to mental impairments. Specifically, listing 12.04 concerns depressive disorders, 12.06 concerns anxiety disorders, and 12.11 concerns neurodevelopmental disorders (such

2

as ADHD). 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The claimant bears the burden of demonstrating that her impairment meets or medically equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986).

Each listing consist of: (1) "paragraph A criteria," which consist of a set of medical findings; and (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations. *Id.* §§ 12.00(A), (G). Listings 12.04 and 12.06 further include a "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id*. A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria (not available to the 12.11 listing). *Id.* at § 12.00(A). To satisfy paragraph B of the mental impairment listings, a claimant must exhibit either "marked" limitations in two of the first three functional areas, or "marked" limitation in one of the first three areas, with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04(B). To satisfy paragraph C, a claimant must show that the disorder in the listing category is serious, persisted over a period of at least two years, was treated during that time period, and that the claimant has a "minimal capacity to adapt to changes" in their environment or new demands that are not already part of their daily lives. *Id* at § (C).

In this case, the ALJ applied the special technique for evaluation of mental health claims, using a five-point scale to rate a claimant's degree of limitation in the first three functional areas: none, mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). The ALJ then made determinations and cited to evidence from the record to explain his conclusions that Plaintiff had moderate difficulties in "interacting with others," "concentrating, persisting, or maintaining pace," and "managing [herself.]" (Tr. 20-22). The ALJ also considered the "paragraph C" criteria and found that the record did not establish a minimal capacity to adapt to changes in her environment or to new demands. In suggesting that the ALJ's determinations were erroneous, Plaintiff points to large swaths of the record, without any pinpoint cites to particular evidence revealing a greater level of limitation. (ECF No. 12-1 at 10-11). In essence, Plaintiff's arguments simply seek a reweighing of the evidence, which is not within the purview of this Court. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting that the Court's role is to assess whether substantial evidence supports the ALJ's conclusion). Accordingly, I find no error at step three.

*Credibility and Subjective Complaints*

Second, Plaintiff asserts that the ALJ relied only on a lack of objective medical evidence to discredit her subjective complaints of disabling pain and other symptoms. (ECF No. 12-1 at 12-17). However, in contrast, the ALJ relied not only on objective records and examination results, but on Plaintiff's own reported conditions that undermine her alleged pain. (Tr. 24 "The claimant reported that her hearing had improved."); (*Id.* "claimant indicated that symptoms in her right ear, including hearing gloss, had resolved."); (*Id.* at 25 "claimant indicated that Lamictal was helping to keep her calm . . . ."). Along with Plaintiff's own reports, the objective medical evidence thoroughly suggests that treatment was effectively controlling pain and other foreseeable symptoms, not that no evidence corroborated Plaintiff's narrative. (*See Id.* at 24 "following her first myringotomy tube placement . . . hearing had improved[.]"); (*Id.* ("all diagnostic studies of the neck and hard taken at the time were essentially normal."); (*Id.* "Claimant is able to effectively hear with her hearing aids . . . ."); (*Id.* at 25 "she indicated that her medications are working well and stabilizing her mood."). Thus, the ALJ appropriately considered Plaintiff's subjective statements, in addition to the objective results from her medical examinations, to determine her condition and credibility. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). In considering the entire record, and given

the evidence outlined above, I find the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

*Concentration, Persistence, and Pace*

Third, Plaintiff briefly asserts that the ALJ's analysis ran afoul of *Mascio*. (ECF No. 12-1 at 18). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017) as described *supra*. A *Mascio* based challenge alleges that an ALJ improperly analyzed and considered the "paragraph B" impairment-related functional limitations. *Id*. at §§ 12.00(A), (G). Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id*. at § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id*. at § 12.00(E)(3). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id*. at § 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (*quoting Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here at step three, the ALJ found:
> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. During consultative psychological examination in July 2013, Dr. Hales noted that the claimant was unable to spell a five-letter word in reverse (Exh.3F). During the course of treatment, the claimant has consistently denied concentration difficulties (Exhs. 2F/7; 11F/2; 13F; 14F; 17F). In daily life, she retains the capacity to read, follow instructions, watch television and cook meals (Exh. 4E).

(Tr. 21). The ALJ then rendered an RFC assessment including a limitation to "simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes." (Tr. 22). The RFC assessment in this case is materially different

than that found inadequate in *Mascio*, because it interposes a limitation to address a moderate limitation in concentration, persistence, or pace. Specifically, the requirement that the work environment be free of fast pace or strict production requirements would allow Plaintiff to adjust for her issues with concentration, persistence or pace. Remand is therefore unwarranted.

*Medical Opinions and Other Evidence*

Next, Plaintiff contends that the ALJ assigned insufficient weight to opinions from her treating physician, Dr. Koduah. (ECF No. 13-1 at 13-14, 19-20). The ALJ expressly assigned "little weight" to Dr. Koduah's conclusions, citing the objective findings in the mental health treatment records over time, Dr. Koduah's own examination records suggesting a capacity to perform work activity at a greater level than recommended by Dr. Koduah. (Tr. 26). The ALJ cited to eight specific exhibits supporting his conclusions, and of which the exhibits primarily consisted of Dr. Koduah's own notes that stood in contrast to his ultimate opinion. Because this Court is not permitted to reweigh the evidence, I find that the ALJ supported his assignment of "little weight" with substantial evidence. Moreover, contrary to Plaintiff's assertion, this is not a case in which the ALJ "played doctor" or made findings unsupported by any medical source. The ALJ assigned "little weight," not "no weight," both to Dr. Koduah's opinions and to the opinions of the non-examining State agency physicians reviewing Plaintiff's case. (Tr. 27). In light of the detailed explanation, which is amenable to appellate review and consists of substantial evidence, the ALJ's conclusions must be affirmed.

Similarly, Plaintiff posits that the ALJ's RFC determination did not include an appropriate function-by-function analysis. (ECF No. 12-1 at 18-19). However, the ALJ's analysis of the medical evidence is detailed, clear, and well-supported by citations to the record. Like the arguments before it, this one too is supported by citation to broad swaths of the record and in a manner that simply attempts to get the Court to re-weigh the evidence. I am not permitted to do as requested, s*ee Hays*, 907 F.2d at 1456, and will find that the RFC determination included the necessary function-by-function analysis.

*ALJ's reliance on the VE's testimony*

Finally, Plaintiff alleges that the ALJ presented an improper hypothetical to the VE and relied upon testimony inconsistent with the Dictionary of Occupational Titles. (ECF 12-1 at 20-24). As an initial matter, to the extent that Plaintiff's argument concerns the validity of the underlying RFC, they are meritless for the reasons articulated above. As for the remainder, Plaintiff contends that the ALJ improperly adopted the first hypothetical posed, instead of subsequent, more restrictive hypotheticals. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. 1999) (unpublished table decision), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ's first hypothetical question to the VE accurately incorporated the RFC assessment and thus was permissible without including any additional limitations that the ALJ did not deem valid.

Plaintiff also contends that the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). (ECF No. 12-1 at 23-24). This argument is also without merit because it does not articulate any conflict with the DOT, but instead simply argues that none of the occupations testified to are "office environment jobs." *Id.* Plaintiff's RFC, however, includes no such limitation, but instead limits her to "perform work in a moderate noise setting, meaning free of loud noises and consistent with a typical office environment." (Tr. 22). Not only does this not implicate DOT, but it also does not amount to a bright line of which the testified occupations would have crossed. Because a VE has, "through training and experience in vocational counseling or placement, an up-to-date knowledge of job requirements, occupational characteristics and working conditions, and a familiarity

5

with the personal attributes and skills necessary to function in various jobs," *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980), an ALJ is permitted to rely upon a VE's testimony as substantial evidence to support a conclusion regarding vocational issues. Thus, the argument is without merit.

Because there is substantial evidence to support the ALJ's finding and the findings were reached through application of the correct legal standards, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED, and the judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

    Sincerely yours,

    /s/
    J. Mark Coulson
    United States Magistrate Judge